UNITED STATES of America,
Plaintiff-Appellee,

v.

Russell Gene KELLEY,
Defendant-Appellant.

No. 75–3907
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

Raymond C. Caballero, El Paso, Tex. (Court-appointed), for defendant-appellant.

John Clark, U. S. Atty., LeRoy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., William B. Hardie, El Paso, Tex., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Russell Gene Kelley appeals his conviction for escaping from a federal "halfway house." See 18 U.S.C. § 751(a). Kelley concededly failed to return from a weekend furlough, remaining at large for eighteen unauthorized days until the time of his arrest. He claims that the trial court erred when it refused to instruct the jury on his defense of coercion. Kelley's requested instruction acknowledged, however, that the coercion defense would be applicable only if the coercing facts induced Kelley to fear impending death or serious bodily injury to himself or to his family. Here the coercing facts consisted solely of Kelley's concern for his deteriorating family situation, and there was no evidence from which the jury could have found that Kelley feared impending death or serious bodily injury. The court therefore did not err in refusing to give Kelley's requested instruction.

Kelley's coercion request did, however, highlight the necessity to instruct the jury properly with respect to the intent required under § 751. The court instructed the jury as follows:

Knowingly is to be aware or to do an act or to accomplish an intended result or goal with knowledge, wilfully and intentionally. An act is done wilfully and knowingly if done with knowledge and specific intent.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Specific intent as the term implies means more than a general intent to commit the act. To establish specific intent beyond a reasonable doubt, the Government must prove that a Defendant knowingly did an act that the law forbids or knowingly failed to do an act which the law requires, purposely intending to violate the law. Such intent may be determined as I have said by direct and circumstantial evidence from all of the facts and circumstances surrounding the case.

This instruction was adequate.

We have examined Kelley's remaining contentions and find them without merit.

Affirmed.